NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

119 MCLELLAN ROAD, LLC, *Plaintiff/Appellant*,

*v.*

JOHN TOLIVER BRUCE, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0234
FILED 4-19-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-001037
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Christian Dichter & Sluga PC, Phoenix
By Stephen M. Dichter, Katharine Myers
*Counsel for Plaintiff/Appellant*

Elley Law PLC, Gilbert
By Richard D. Elley
*Counsel for Defendants/Appellees*

_____

## MEMORANDUM DECISION

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

_____

**S W A N N**, Judge:

¶1   This appeal arises from a dispute between neighbors regarding whether the defendant was required under applicable restrictive covenants to obtain the plaintiff's consent before constructing a wall. We affirm the superior court's entry of summary judgment for the defendant because the restrictive covenants require neighbor consent only when a homeowner builds a wall on a dividing property line—not when, as here, a homeowner builds a wall entirely on the homeowner's property.

## FACTS AND PROCEDURAL HISTORY

¶2   This case involves adjacent residences at the top of a cul-de-sac in the Alta Mesa Estates subdivision: (1) House #118, owned by John Toliver as trustee of The John Bruce Trust (collectively or individually, "Bruce"); and (2) House #119, owned by 119 McLellan Road, LLC, which is managed by Kay Berguin as trustee of The Kay G. Berguin Trust (collectively or individually, "Berguin"). Both House #119 and House #118 are subject to the Covenants, Conditions and Restrictions for Alta Mesa Estates ("the CC&Rs"), which the Alta Mesa Homeowners Association ("the HOA") is charged with enforcing.

¶3   In 2018, Bruce successfully applied to the HOA for permission to remove oleander shrubs planted between House #118 and House #119, and to use the cleared space to extend the shared wall between the properties. The parties dispute whether Berguin initially consented to the proposed wall extension. Before construction began, however, Berguin began expressing concerns about the wall extension.

¶4   By late 2019, the wall extension still had not been built. Based on the passage of time, the HOA determined that Bruce would need to submit a new application with respect to the wall extension. Bruce promptly submitted a new application seeking the HOA's permission to build a "courtyard" wall that would "not [be] a 'SHARED WALL' with House #119" as previously requested, but a "standalone wall constructed

on the property of house #118" alone. The HOA approved the new application, and the construction went forward: Bruce erected a wall ("the Wall") on House #118's property, parallel to but slightly set off from the shared wall and the property line between House #118 and House #119.

¶5        Berguin brought an action against Bruce and the HOA seeking damages and a permanent injunction.[1] Berguin alleged that Bruce and the HOA breached the CC&Rs, and the HOA breached the covenant of good faith and fair dealing, because the Wall was an extension of a "party wall" that required her written consent.

¶6        Berguin filed a motion for partial summary judgment, and Bruce and the HOA filed cross motions for summary judgment. The superior court denied Berguin's motion and granted Bruce's and the HOA's motions. The court rejected Berguin's characterization of the Wall as a "party wall." The court held that the Wall "is not located on the lot line, is part of Bruce's courtyard improvement, and has been approved by the appropriate committee. Plaintiff's arguments to the contrary ultimately amount to bootstrapping." The court awarded attorney's fees and costs to Bruce and the HOA.

¶7        Berguin timely filed notices of appeal from the final judgments entered in favor of Bruce and the HOA. Berguin and the HOA later settled and stipulated to the dismissal of the action as to the HOA only.

### DISCUSSION

¶8        We review summary judgment rulings de novo. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

¶9        On appeal, as in the superior court proceedings, Berguin raises only one theory for Bruce's liability: that the Wall was a "party wall" under the CC&Rs, so Berguin's written consent was required. CC&Rs are contracts. *Ahwatukee Custom Estates Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000). We review questions of contract interpretation de

---

[1]        Berguin asserted claims against Bruce under Section 13.1 of the CC&Rs, which provides that "any OWNERS, should the ASSOCIATION fail to act within a reasonable time, shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this DECLARATION."

novo. *Id.* We interpret CC&Rs to give effect to their intent, as determined from the language of the document as a whole. *Powell v. Washburn*, 211 Ariz. 553, 554, ¶ 1 (2006).

**¶10**　　　　Section 11.1 of the CC&Rs defines a "party wall" as a "wall or fence which is placed on the dividing line between separate LOTS, or between LOTS and the golf course or COMMON AREA." Section 11.1(g) provides that "any OWNER proposing to modify, make additions to or rebuild his wall in any manner which requires the extension or other alteration of a party wall, shall first obtain the written consent of the adjoining OWNERS."

**¶11**　　　　Here, Bruce initially sought to extend the existing party wall between House #118 and House #119. Such an extension plainly would have constituted a "party wall" modification or addition requiring Berguin's written consent under Section 11.1(g). But it is undisputed that Bruce ultimately erected the Wall entirely on House #118's lot, offset from the property line and the existing party wall. Under the plain language of Section 11.1, the Wall was not "placed on the dividing line" between the properties and therefore did not constitute a "party wall" requiring Berguin's written consent. The Wall was simply a wall on Bruce's property. The CC&Rs contemplate that an owner may construct walls on the owner's property subject only to the HOA's approval, which Bruce obtained.[2]

**¶12**　　　　Berguin points out that under Section 11.1(b), if "an OWNER elects to fence his back and/or side yards, any such fence must be placed on the LOT line." On this record, we perceive a genuine dispute regarding whether the Wall fenced Bruce's side yard.[3] It may be, therefore, that the

---

[2]　　　　Section 1.13 of the CC&Rs defines "improvements" to include "fences, walls, . . . and all other structures or landscaping improvements of every type and kind." Section 3.5 provides that the HOA's Architectural Committee must approve the erection of, inter alia, "fence[s and] walls." Section 7.10 reiterates the need for HOA approval for "[a]ll fencing" and specifies that fencing must be of masonry construction. Finally, Section 8.2 provides for easements where "a wall or fence constructed on a LOT encroaches upon the COMMON AREA or an adjoining LOT in a minor way."

[3]　　　　Bruce contended at oral argument in the superior court that Berguin admitted the Wall fenced Bruce's *front* yard. The purported admission was the undisputed statement of fact, offered by Berguin, that Bruce "wanted to

HOA should have either required the Wall to be a "party wall" or exercised its authority to grant a variance (which it did not purport to do). But Berguin does not assert that Bruce is liable for *failing* to build a "party wall" under Section 11.1(b) — Berguin is steadfast that the Wall *is* a "party wall." Moreover, to the extent that Berguin could have obtained relief via Section 11.1(b), her claim would have been against the HOA — with which she settled. And the same is true with respect to Berguin's argument that any non-"party wall" had to be no more than three feet high under a statement in the Alta Mesa Estates Resident Handbook Rules and Regulations (which, by its terms, does not supplant the CC&Rs) that "[d]ecorative walls must not be higher than 36 inches when measured from the ground level."

**¶13**        We hold that the superior court correctly concluded that the Wall is not a "party wall" and that Bruce was entitled to summary judgment.

## CONCLUSION

**¶14**        We affirm. In the exercise of our discretion, we grant Bruce's request for reasonable attorney's fees under A.R.S. § 12-341.01.[4]  As the prevailing party, Bruce is entitled under A.R.S. § 12-341 to recover costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA

make changes to the front of [House #118], including constructing a private courtyard in the front of [House #118]." We conclude that Berguin's general description of the courtyard's location as being "in the front" fell short of an admission that the Wall did not fence House #118's side yard — particularly in view of the fact that Berguin clearly premised her legal arguments on the theory (which is colorable based on the photographic evidence) that the Wall fenced House #118's side yard.

[4]        Neither party requests fees under the terms of the CC&Rs. Our review reveals that Section 13.18 of the CC&Rs provides for the recovery of fees only in actions brought by the HOA.